{¶ 30} While I agree with much of the majority's opinion, I respectfully dissent from its ultimate conclusion. Because I believe that the search here was justified based on the law in Terry v. Ohio, I would affirm the trial court's denial of Coleman's motion to suppress.
{¶ 31} In Terry, the Supreme Court stated there are two questions in determining whether a seizure and search are unreasonable: "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry at 20. The majority agrees that the officers' initial action (the investigatory stop) was justified, but holds that the ensuing pat-down was not.
{¶ 32} The majority makes much of the open container violation and gives too little attention to the officers' primary investigation, which was prostitution. The majority's conclusion, that "there is no rational basis for assuming that someone engaged [in prostitution-related activity] is likely to be armed and dangerous[,]" exceeds this court's area of expertise and is based on the wrong standard of inquiry. "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger[,]" not whether an abstract person involved in prostitution is likely to be armed. Terry at 27. "And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the factsin light of his experience." Id. (Emphasis added.)
{¶ 33} Further, "[t]he manner in which the seizure and search were conducted is, of course, as vital a part of the inquiry as whether they were warranted at all." Terry at 28. In other words, a search and seizure will violate one's Fourth Amendment rights if the means of the search and seizure "were not reasonably related in scope to the justification for their initiation." Id. at 29.
{¶ 34} Here, the officers were patrolling the area where Coleman was found because of complaints of prostitution. As the majority states, the officers observed Coleman's actions and appearance, which were characteristic of prostitution-related activity. And Officer Vertosnik testified that they undertook the pat-down for officer safety. The search itself was reasonable. The officers suspected prostitution and observed an open container of wine. They identified themselves as police officers, asked Coleman to step out of the car and limited the pat-down to Coleman's outer clothing.
{¶ 35} The holding in Terry directly applies:
 {¶ 36} [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or other's safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
{¶ 37} Terry at 30.
{¶ 38} I would affirm the trial court's denial of Coleman's motion to suppress and I therefore respectfully dissent.